```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                        Richmond Division
```

JOYCE JOANNE WOOLRIDGE,

    Plaintiff,

v.                                    Civil Action No. 3:06cv573

SECURITAS SECURITY SERVICES
USA, INC.,

    Defendant.

## MEMORANDUM OPINION

Pursuant to Fed. R. Civ. P. 12(b)(1), the defendant, Securitas Security Services USA, Inc. ("Securitas") has filed DEFENDANT'S MOTION TO ENFORCE ARBITRATION AGREEMENT AND TO DISMISS (Docket Nos. 7 and 8). The plaintiff, Joyce Joanne Woolridge ("Woolridge"), has responded. For the reasons set forth below, both motions are granted.

## STATEMENT OF FACTS

Woolridge became an employee of Securitas on June 4, 2003. Before beginning work with Securitas, Woolridge was given a copy of the Securitas Arbitration Program brochure. The brochure stated that all claims made by current or past employees against Securitas, regardless of whether the claims arose out of the employee's employment or termination, must be resolved through binding arbitration. On June 4, 2003, Woolridge signed a form indicating that she had received the Arbitration Program brochure

and understood that compliance with the Arbitration Program was a condition of her employment.

In January 2005, Woolridge was employed by Securitas as a security officer with a full-time placement.  Because of personal health issues, Woolridge was forced to take a leave of absence for surgery, and did so in compliance with the Family and Medical Leave Act ("FMLA").  See 29 U.S.C. § 2601-2619 (2000).  Woolridge returned to work for Securitas after her recovery, but, at the time, Securitas was able to offer Woolridge only a part-time placement.  Though Woolridge and Securitas engaged in discussions regarding future full-time placements, no agreement for full-time work was ever reached.  Woolridge subsequently filed a claim with the Equal Employment Opportunity Commission ("EEOC") on May 4, 2005, and the EEOC issued a Notice of Right to Sue on July 27, 2006.

On August 25, 2006, Woolridge filed this action alleging violations of Title VII of the Civil Rights Act of 1964 and the Family and Medical Leave Act of 1993.  In response, Securitas filed a Motion to Compel Arbitration and to Dismiss the Complaint without prejudice, so that Woolridge could pursue her claims in the forum agreed to by both parties pursuant to the Securitas Arbitration Program.  Woolridge thus far has not agreed to begin resolving her claims through arbitration.

**DISCUSSION**

The Federal Arbitration Act ("FAA") gives district courts the power to compel parties to enter into binding arbitration and to stay or dismiss claims that are subject to valid arbitration agreements.  See 9 U.S.C. § 1-4 (2000).  The FAA and settled decisional law favor enforcement of valid arbitration agreements. See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 (1983); see also Brown v. Trans World Airlines, 127 F.3d 337, 340 (4th Cir. 1997) ("Thus, we are bound to enforce any legally negotiated arbitration clause that obligates parties to submit claims under either Title VII of the Civil Rights Act or the Family and Medical Leave Act to arbitration.").  In determining whether an order compelling parties to arbitrate is proper, many courts have employed a three-part test, examining: "(1) whether the parties have made an agreement to arbitrate; (2) the scope of the agreement; [and] (3) whether the federal statutory claims are arbitrable."  Reese v. Commercial Credit Corp., 955 F.Supp. 567, 569 (D. S.C. 1997); see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626-28 (1985).

Because Woolridge signed a form before her employment with Securitas acknowledging that she had received the company's Arbitration Program brochure and that she understood that compliance with the program was a condition of her employment, it

3

is clear that a valid agreement to arbitrate exists. Additionally, there is no dispute concerning the arbitrability Title VII and FMLA claims. See Brown, 127 F.3d at 340. The inquiry, therefore, is confined to whether the Securitas Arbitration Program was sufficiently broad to cover Woolridge's claims.

Because arbitration clauses are favored under the FAA, the Supreme Court has held that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Memorial Hosp., 460 U.S. at 24-25; see also Dean Witter Reynolds v. Byrd, 470 U.S. 213, 218 (1985). In the section of the Securitas Arbitration Program brochure titled "Claims Covered by the Program," both Title VII and FMLA claims, as well as "comparable state statutes," are listed as being covered. See Securitas Security Services USA, Inc., The Securitas Arbitration Program § 2, at 9 (June, 2003). Because the scope of the program is extremely broad and because Title VII and FMLA claims are specifically listed as being covered under the program, there is no doubt that Woolridge must adjudicate these claims through binding arbitration, as provided for by the Securitas Arbitration Program.

While Securitas requests that the Court dismiss the Complaint filed by Woolridge, the FAA gives district courts the power to stay claims covered by valid arbitration agreements. See 9 U.S.C. § 3 (2000) ("[T]he court . . . shall on application of one of the

4

parties stay the trial of the action until arbitration has been had in accordance with the terms of the agreement."). Nevertheless, this Court has held that "decisional law supports the plain meaning of the FAA that it is within the district court's discretion whether to dismiss or stay an action after referring it to arbitration." <u>Roadtechs, Inc. v. MJ Highway Tech., Ltd.</u>, 79 F.Supp.2d 637, 640 (E.D. Va. 1997). Considering that Woolridge's claims clearly are subject to arbitration and considering that Woolridge's complaint alleges only arbitrable claims, the Court believes that dismissing the Complaint without prejudice is the preferred approach in this case.

### CONCLUSION

For the foregoing reasons, the Court finds that Woolridge must arbitrate her claims against Securitas and the DEFENDANT'S MOTION TO ENFORCE ARBITRATION AGREEMENT AND TO DISMISS (Docket Nos. 7 and 8) will be granted.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

/s/
Robert E. Payne
United States District Judge

Richmond, Virginia
Date: November 21, 2006

5